# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00054-MR-DLH

| | |
|---|---|
| CECILIA D. WALTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>NC DEPT. OF COMMERCE, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Objection to Magistrate Judge Order of May 4, 2017" [Doc. 14]. For the reasons stated below, the Plaintiff's Objection is overruled and the Magistrate Judge's Order is affirmed.

## I.  BACKGROUND

The Plaintiff, proceeding *pro se*, filed this action on February 21, 2017 against the Defendant North Carolina Department of Commerce, asserting claims of employment discrimination and retaliation. [Doc. 1]. Upon service of summons, the Defendant filed a motion seeking an extension of time to answer. [Doc. 6] On March 24, 2017, the Court granted the motion, giving the Defendant until April 26, 2017, to answer or otherwise respond to the

Complaint. [Doc. 7]. The Defendant then filed a second motion for extension of time on April 26, 2017. [Doc. 8]. On April 27, 2017, the Court granted the Defendant's second motion, giving the Defendant until May 5, 2017, to answer or otherwise respond. [Doc. 9].

On April 27, 2017, the Plaintiff filed a document entitled "Declaration in Support of Complaint." [Doc. 10]. On May 4, 2017, the Magistrate Judge entered an Order striking the Plaintiff's "Declaration" on the grounds that the filing of such a document was not provided for under the Federal Rules of Civil Procedure. [Doc. 11]. The Plaintiff now appeals from that Order. [Doc. 14].

## II.  STANDARD OF REVIEW

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a party may submit objections to a Magistrate Judge's ruling on a non-dispositive pretrial motion and seek that the Order be set aside in whole or in part if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Walton v. Johnson, 440 F.3d 160, 173-74 (4th Cir. 2006).

## III. DISCUSSION

In her Objection, the Plaintiff argues that she properly filed the subject Declaration in support of her Complaint, and that her filing was authorized by Local Civil Rule 26.2(3). [Doc. 14].

The Magistrate Judge correctly concluded that the Plaintiff's Declaration was not properly filed. Local Civil Rule 26.2(3) allows for the filing of discovery materials "if such materials are filed in support of, or in opposition to, a motion or petition." LCvR 26.2(3). Here, the Plaintiff's Declaration was not "discovery material" as it was not a document produced in discovery. Further, the Plaintiff's Declaration was not filed "in support of, or in opposition to" any motion or petition. Rather, the Plaintiff filed the Declaration in order to support her earlier-filed Complaint and not in response to any motion then pending. Such a filing is not authorized by either this Court's Local Rules or the Federal Rules of Civil Procedure. Accordingly, the Magistrate Judge's Order striking the Plaintiff's Declaration is affirmed.

The Plaintiff further argues that the Declaration should not have been stricken because "[t]he entire record should be allowed to be presented for consideration along with Defendant's motion" to dismiss. [Doc. 14 at 2]. If

the Plaintiff wishes to support her claims with additional factual allegations, she must do so by filing an Amended Complaint that incorporates the allegations set forth in her Declaration. In light of the Plaintiff's *pro se* status and in the interests of justice, the Court will *sua sponte* grant the Plaintiff leave to file such an Amended Complaint. If the Plaintiff chooses not to file an Amended Complaint, the Court will proceed to rule on the Defendant's Motion to Dismiss.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Objection to Magistrate Judge Order of May 4, 2017" [Doc. 14] is **OVERRULED**, and the Magistrate Judge's Order [Doc. 11] is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall have fourteen (14) days from the entry of this Order to file an Amended Complaint if she desires to do so.

**IT IS SO ORDERED.**

Signed: May 31, 2017

Martin Reidinger
United States District Judge