# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00054-MR-DLH

| | |
|---|---|
| CECELIA D. WALTON,  )<br>  )<br>   Plaintiff,   )<br>  )<br>vs.   )<br>  )<br>N.C. DEPARTMENT OF   )<br>COMMERCE,   )<br>  )<br>   Defendant.   )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court upon the Plaintiff's Motion for Preliminary Injunctive Relief [Doc. 25].

## I.   PROCEDURAL BACKGROUND

On February 21, 2017, the Plaintiff Cecelia D. Walton initiated this action against the North Carolina Department of Commerce, alleging claims of discrimination and retaliation. [Doc. 1]. Upon seeking leave of Court, the Plaintiff filed an Amended Complaint on June 9, 2017, and a Second Amended Complaint on June 30, 2017. [Docs. 16, 21]. The Defendant has moved to dismiss the Plaintiff's claims, and that motion is currently pending.

[Doc. 22]. On September 13, 2017, the Plaintiff filed the present motion, seeking the entry of a preliminary injunction. [Doc. 25].

## II. STANDARD OF REVIEW

A plaintiff seeking a preliminary injunction must demonstrate that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm absent injunctive relief, (3) the balance of equities tips in her favor, and (4) the injunction would be in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). Ultimately, a plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

## III. ANALYSIS

In her motion, the Plaintiff requests that the Court enjoin the Defendant "from inciting and participating in ongoing private or other investigations, surveillance, blacklisting activities and providing negative references

against" her. [Doc. 25 at 1]. In support of her request, the Plaintiff contends that she is "experiencing problems with her cell phone, home computer, home break ins and increased monitoring of her work computer," and that she believes these problems are the result of the Defendant having "sought and obtained an order from Mecklenburg county court in NC or federal warrant for surveillance, phone interception and police investigation all based on retaliatory reasons . . . and to torture Plaintiff." [Doc. 25-1 at 1]. She further contends that the Defendant is "monitor[ing her] wage records" and that agents of the Defendant "have illegally acted with Plaintiff's child's father, Calvin Jamerson and his mother, Carla Jamerson in Charlotte, NC to carry out some covert and illegal scheme to blacklist Plaintiff to keep her unemployed." [Id. at 2].

While the Plaintiff repeatedly states that she has "reason to believe" that the Defendant is engaging in unlawful surveillance and interfering with her job prospects, the Plaintiff offers no actual evidence of the Defendant's alleged misconduct. Because the allegations in the Plaintiff's motion do not rise above the speculative level, the Court concludes that the Plaintiff has failed to demonstrate that she is likely to succeed on the merits of thia matter

or suffer irreparable harm absent injunctive relief. Accordingly, the Plaintiff's motion for a preliminary injunction is denied.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Preliminary Injunctive Relief [Doc. 25] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 3, 2017

Martin Reidinger
United States District Judge